[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a common condominium charge lien pursuant to General Statutes § 47-258, for unpaid common charges, interest, late charges and attorney's fees on units #15A and #18A of the Weathervane condominiums.
These cases were tried together being similar foreclosure actions involving the same parties and the same allegations except for the unit numbers.
The evidence presented applies to both cases and the issues of liability and the amount of the debt and for damages are the same in each case. Accordingly the findings and rulings herein apply to both docket numbers 53213 and 53214.
By agreement of the parties, this is a bifurcated trial. In the event the defendant is found to have liability, the second stage of the trial would be to establish the type of foreclosure (sale or strict), law days, fair market values, etc.
The Court makes the following findings: CT Page 1507-T
The condominium association uses the services of a property manager (Thibodeau Management) to manage the affairs of the association, including the collection of common fees. Owners of condominiums are subject to the terms and conditions of a Declaration of Condominium, recorded in the town of Vernon land records, which provides for the assessment of common charges, fines, late charges, attorney's fees and interest in the event of delinquency.
While common fees are due on the 1st of each month, there is no penalty assessed, or late charges imposed, if a payment is received on or before the 15th of the month in which it is due. A deposit is made by the manager at the close of business on the 15th of each month in order to have a deposit record of payments received by that date. Deposits are made every few days both before and after the 15th, but penalties are assessed for payments received after the 15th. A monthly statement is sent to the condominium owners showing the state of the account.
If an account is more than sixty days past due, it is turned CT Page 1507-U over to an attorney for collection.
In August, 1992 the defendant's (Rothman) accounts for units 15A and 18A were more than sixty days in arrears and the matter was turned over to an attorney.
Previously, in 1991, the association had turned Rothman's account over to an attorney because she was behind in her payments. Although the association had not credited Rothman in 1991 for two checks — Check #5910, dated August 1, 1991, and Check #5960, dated September 1, 1991, when that error was determined, she was credited appropriately and the attorney returned the file, without filing suit, to the association. Although Rothman had in fact paid the principal common charges, they were paid late (after the 15th of the month) and she continued to run an unpaid balance for late charges and interest. There is a consistent pattern of her checks being deposited after the 15th of the month in which they were due. The date of the checks are not indicative of when they were sent and Rothman conceded that they were not necessarily sent on the date shown on the checks. For example, the check due for February 1995, was dated February 1st but not mailed until February 14, CT Page 1507-V 1995, according to Rothman's own testimony. As a result, Rothman's account has been in arrears since 1991 because of late payments. Therefore the defendant is indebted to the condominium association for unpaid common fees, penalties and attorney's fees.
The parties agree that Rothman owns six months in common fees. (Checks returned to her by the plaintiff after suit commenced and one check for June 1994 which was not received, cashed, or credited). The common fees are $105.50 per month, per unit.
In addition, she is indebted to the association for interest and penalty payments in accordance with plaintiff's exhibit 1.
The defendant, by agreement, should be credited for check #2018, dated 6/1/94, which was erroneously not credited to her ledger account.
The Court has reviewed the affidavit of attorney's fees and, in view of the nature of the case (not complex) awards reasonable attorney's fees at $100.00 per hour for associate time and $150.00 for partner time. Attorney's fees are adjusted and awarded as CT Page 1507-W follows; following plaintiff's exhibit 2.
 Billing Date ------------ 10-31-92 $150.00 4-30-93 600.00 8-31-93 300.00 1-31-94 25.00 2-28-94 $100.00 3-31-94 375.00 6-30-94 95.00 8-31-94 37.50 9-30-94 400.00 11-30-94 150.00 12-31-94 37.50 1-31-95 1125.00 -------- Total $3395.00
Klaczak, J. CT Page 1507-X